UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS BRITO GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 21-10286-FDS |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, C.J.**

This is a dispute about an application for United States citizenship. Plaintiff Luis Brito Gonzalez, a lawful permanent resident of the United States, filed an application for citizenship that was administratively closed by defendant United States Citizenship and Immigration Services ("USCIS"), allegedly in violation of federal law. Gonzalez seeks a writ of mandamus as well as an order directing USCIS to grant his application for naturalization under 28 U.S.C. § 1361 and declaring that the delay of his application was unlawful and discriminatory. Plaintiff is proceeding *pro se*.

Defendant has moved to dismiss the complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the following reasons, that motion will be granted.

**I.    Background**

Unless otherwise noted, the following facts are stated as set forth in the complaint.

A.      **Factual Background**

Luis Brito Gonzalez is a citizen of the Dominican Republic. (Compl. ¶ VI-1).[1] On May 4, 1988, he was admitted to the United States as a lawful permanent resident. (*Id.* ¶ VI-2). He is currently a resident of Lawrence, Massachusetts. (*Id.* ¶ IV-4).

USCIS is an agency of the Department of Homeland Security charged with processing naturalization applications. (*Id.* ¶ V-5). In order to obtain naturalization, applicants must, among other things, file a Form N-400, show that they "are a person of good moral character," and submit to an interview with USCIS. (*Id.* ¶¶ VI-7(a), (f); VI-12).

Gonzalez alleges that he filed a Form N-400 and that he was subsequently interviewed by USCIS on November 6, 2020. (*Id.* ¶ VI-12).[2] He later learned that his application was administratively closed because USCIS alleged that he had been ordered removed from the United States on May 10, 2002. (*Id.* ¶ VI-13). He contends that he has never been sent an order of removal or a notice to appear in immigration court. (*Id.* ¶ VI-14). He further contends that his permanent resident identification number does not identify any removal proceedings in the database used to track the status of aliens in removal proceedings. (*Id.* ¶ VI-15). Finally, he contends that he otherwise meets all the requirements for naturalization under the INA. (*Id.* ¶ VI-10).

B.      **Procedural Background**

On February 19, 2021, Gonzalez brought this action for mandamus and declaratory relief,

---

[1] The allegations in the complaint are not labeled consistently, and therefore the Court will cite to the relevant sections and paragraph numbers for clarity.

[2] USCIS contends that it never interviewed Gonzalez. In support of its motion to dismiss, USCIS has filed the declaration of Freddy Torres, which includes a copy of the Notice of Administratively Closed Application addressed to Gonzalez, dated November 6, 2020. The notice states, among other things, that "[y]our interview . . . on November 17, 2020, has been de-scheduled." (Torres Aff., Notice of Administratively Closed Application, Ex. 1). However, even accepting Gonzalez's allegation as true, the Court lacks subject-matter jurisdiction for the reasons explained below.

alleging that the court had jurisdiction under 5 U.S.C. §§ 555(b) and 706(1); 28 U.S.C. § 1331; 8 U.S.C. § 1329; and 28 U.S.C. § 1361.  (*Id.* ¶ II-2).

USCIS has moved to dismiss the complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), contending that federal district courts only have jurisdiction over challenges to naturalization applications when USCIS has failed to make a determination within 120 days of the interview or USCIS has denied an application and the applicant has exhausted all administrative remedies.

## II.     Standard of Review

On a motion to dismiss for lack of subject-matter jurisdiction made pursuant to Fed. R. Civ. P. 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence."  *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)).  If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted. *Id.*  The court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). However, it may also "consider whatever evidence has been submitted, such as the depositions and exhibits submitted."  *Id.* (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).  "The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion."  *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).

## III.    Analysis

"The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General."  8 U.S.C. § 1421(a).  If the Attorney General fails to grant an application for naturalization, there are three possible avenues for judicial review in the district courts.  First, a district court can review the denial of a naturalization application that occurred

after a hearing before an immigration officer.  8 U.S.C. § 1421(c).  Second, if a naturalization application is not acted upon within 120 days of examination, a district court may hold a hearing and either determine the matter or remand it to USCIS.  8 U.S.C. § 1447(b).  Finally, and rarely, a district court may provide mandamus relief if an applicant has exhausted all administrative remedies and he is owed a clear, nondiscretionary duty.  28 U.S.C. § 1361; *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984).  Each basis for subject-matter jurisdiction is discussed in turn.

### A.     Title 8

#### 1.     Section 1421(c)

Defendant first contends that plaintiff's application for naturalization does not qualify for judicial review under 8 U.S.C. § 1421(c).  Section 1421(c) provides that "[a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides . . . ."

Defendant contends that plaintiff's application has not been "denied," as contemplated by § 1421(c), because it lacks the authority to naturalize someone who is subject to a final order of removal.  Instead, it administratively closed plaintiff's application after informing him that it "does not have the authority to adjudicate your Form N-400, because you are subject to an outstanding final finding of deportability."  (Torres Aff., Notice of Administratively Closed Application, Ex. 1).[3]

---

[3] Based on documents attached to defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1), an immigration judge ordered an individual named Andres Avelino Martinez-De Jesus removed to the Dominican Republic on May 10, 2002.  (Torres Aff., Decision of Removal, Ex. 4).  A Warrant of Removal/Deportation was issued against Luis German Brito Gonzalez a/k/a Andres Avelino Martinez-De Jesus on November 14, 2008, based upon a final order by an immigration judge in removal proceedings.  (Torres Aff., Warrant, Ex. 3).  In addition to those documents, Freddy Torres, a Supervisory Immigration Officer with USCIS, has submitted an affidavit explaining why Luis Brito Gonzalez and Andres Avelino Martinez-De Jesus are the same person.  (Torres Aff. at 3-4).

Furthermore, and in any event, § 1421(c) only vests this Court with jurisdiction "after a hearing before an immigration officer" under § 1447(a).[4] Even crediting plaintiff's contention that he received a personal interview, the complaint does not allege that he had a subsequent hearing before an immigration officer. For those reasons, the Court does not have subject-matter jurisdiction under § 1421(c).

### 2. Section 1447(b)

Defendant next contends that judicial review under 8 U.S.C. § 1447(b) is unavailable. Section 1447(b) provides the court with subject-matter jurisdiction if USCIS fails "to make a determination under [§ 1446] before the end of the 120-day period after the date on which the examination is conducted . . . ." The court may "either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.*

Here, again even crediting plaintiff's contention that he received an interview, defendant has not failed to make a determination on plaintiff's application as required by § 1447(b). Instead, after a review of plaintiff's application and supporting documents, it determined that it lacked the authority to adjudicate the application because he was subject to an outstanding final finding of deportability. And the complaint does not otherwise allege that USCIS has failed to

---

[4] To understand the significance of a § 1447(a) hearing, the following background on the administrative process is helpful:

> Under the Immigration and Naturalization Act (INA), [USCIS] is responsible for adjudicating naturalization applications. *See* 8 U.S.C. § 1446(a)-(c). DHS, whose Secretary has the "sole authority" to naturalize persons as United States citizens, has established regulations governing the naturalization process. *See* 8 C.F.R. § 335.1 *et seq.* Under the regulations, an applicant is required to undergo a background investigation, including a criminal history check, and a personal interview. 8 C.F.R. § 335.2. If [USCIS] denies a naturalization petition, the applicant may seek an internal review by requesting a hearing before an immigration officer. 8 U.S.C. § 1447(a). If, after the hearing, the denial of the petition is affirmed, the applicant may seek judicial review in the district court. 8 U.S.C. § 1421(c).

*Morgovsky v. Dep't of Homeland Sec.*, 517 F. Supp. 2d 581, 583 (D. Mass. 2007).

act.  Thus, the Court does not have subject-matter jurisdiction under § 1447(b).

### 3. Section 1429

In any event, even if subject-matter jurisdiction existed, the Court would be unable to grant the requested relief.[5]  The final order of removal precluded plaintiff's application from proceeding through the regular administrative process with a "hearing" and "denial," as contemplated by § 1421(c).  The final order of removal also precluded jurisdiction under § 1447(b) because defendant did not fail "to make a determination" within the 120-day period.  Both of those determinations were thus based on the fact that there was a final finding of deportability.  *See* 8 U.S.C. § 1429 (providing that "no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act"); *Yith v. Nielsen*, 881 F.3d 1155, 1161-62 (9th Cir. 2018) (concluding that § 1429 "precludes both the executive branch and the courts from naturalizing applicants 'against whom there is outstanding a final finding of deportability'").

The Court is without subject-matter jurisdiction to review that underlying removal order; that avenue of relief is precluded by 8 U.S.C. § 1252(b)(9).  *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order [by a Court of Appeals] under this section"); *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (holding that §1252(b)(9) would be jurisdictional bar if respondents were "asking for review of an order of removal").  The Court also cannot declare that plaintiff is entitled to

---

[5] USCIS has moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  Although the Court will address its ability to grant the requested relief, which implicates Rule 12(b)(6), dismissal is warranted based on lack of subject-matter jurisdiction alone.

naturalization but for the final removal order, because that would constitute an advisory opinion "beyond the bounds of what constitutes a declaratory judgment." *See Ka Lok Lau v. Holder*, 880 F. Supp. 2d 276, 281 (D. Mass. 2012). And absent statutory authority, the Court cannot simply naturalize plaintiff, nor compel the Attorney General to do so. *See Mendonca v. I.N.S.*, 52 F. Supp. 2d 155, 164 (D. Mass. 1999) (granting motion to dismiss because, among other things, naturalization applicant "would be ineligible for naturalization . . . because he is subject to a final deportation order").

In short, the Court must apply the express requirements of § 1421(c) and § 1447(b). It is plaintiff's burden to prove that subject-matter jurisdiction exists, and he has failed to do so. *See Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007).

B. **Mandamus**

Plaintiff also seeks relief under 28 U.S.C. § 1361, the federal mandamus statute. Section 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is regarded as "extraordinary" and "reserved for special situations." *In re City of Fall River, Mass.*, 470 F.3d 30, 32 (1st Cir. 2006). It "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984). To be entitled to relief under the mandamus statute, plaintiff must show that "(1) his claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other remedy offering adequate relief is available." *Khitab v. Novak*, 524 F. Supp. 2d 105, 107 (D. Mass. 2007) (dismissing for lack of subject-matter jurisdiction because "writ of mandamus would be inappropriate").

Here, defendant does not owe plaintiff a clear nondiscretionary duty. *Heckler*, 466 U.S. at 616. In fact, as defendant points out, it is actually prohibited from granting the requested relief because of 8 U.S.C. § 1429. ("[N]o person shall be naturalized against whom there is outstanding a final finding of deportability . . . ."). Therefore, the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1361.

### C. Administrative Procedure Act

Finally, the complaint alleges that the Administrative Procedure Act ("APA") provides a basis for subject-matter jurisdiction. "Under the APA, a reviewing court may, *inter alia*, 'compel agency action unlawfully withheld or unreasonably delayed,' 5 U.S.C. § 706(1), or 'hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' *id.* § 706(2)(A)." *Cowels v. Fed. Bureau of Investigation*, 936 F.3d 62, 67 n.5 (1st Cir. 2019).

The APA provides a right of action where federal-question subject-matter jurisdiction already exists, but it "does not provide an independent source of subject-matter jurisdiction." *Conservation L. Found., Inc. v. Busey*, 79 F.3d 1250, 1261 (1st Cir. 1996) (citations omitted); *see also Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 457-58 (1999) (stating that 5 U.S.C. § 706 "is not an independent grant of subject-matter jurisdiction."). In short, therefore, the APA does not provide a basis for subject-matter jurisdiction here.

### IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

Dated: March 4, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court